**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 27, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DANIEL RENE CENTENO-
CASTELLANOS, a/k/a CARLOS
MARTINEZ CASTALLANO, a/k/a
CARLOS SANCHEZ,

Defendant - Appellant.

No. 05-1551

(D. Colorado)

(D.C. No. 05-CR-00199 EWN)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

Daniel Centeno-Castellanos pleaded guilty to one count of illegal reentry

after deportation for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and

(b)(2). He was sentenced to 77 months' imprisonment. His counsel has filed an

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

*Anders* brief, *see Anders v. California*, 386 U.S. 738 (1967), and a motion to withdraw as counsel. Because we agree with counsel that there are no meritorious issues for appeal, we grant the motion to withdraw and dismiss the appeal.

Under Mr. Centeno-Castellanos's plea agreement the government was to recommend a sentence at the bottom of the appropriate Guidelines range and a three-point reduction for acceptance of responsibility. At the change-of-plea hearing Mr. Centeno-Castellanos, through an interpreter, indicated that his plea agreement was voluntary, that he had discussed it with his attorney, and that he understood its terms. He further stated that he understood the nature of the charge, as well as the potential penalties and sentences the district court might impose, and that he was waiving certain rights, including his right to a jury trial. He also agreed with the government's recitation of facts regarding his offense. The district court determined that Mr. Centeno-Castellanos's guilty plea was given knowingly and voluntarily with the advice of counsel, and accepted the plea.

The Probation Office prepared a presentence investigation report (PSR) in which it determined that Mr. Centeno-Castellanos's total offense level was 21 and his criminal-history level was VI. The recommended Guidelines range was therefore 77 to 96 months. Counsel for Mr. Centeno-Castellanos filed three objections to the PSR: (1) that Mr. Centeno-Castellanos's probation stemming

from a 1989 controlled-substance conviction was never revoked and he never received jail time on the conviction; (2) that he was not convicted of a concealed-weapon charge in 1993; and (3) that he was not convicted of trespass and theft in 2004, but had instead received a deferred adjudication.

At the sentencing hearing on September 23, 2005, the district court rejected these objections. It found that (1) a California abstract of judgment showed that Mr. Centeno-Castellanos's probation had been revoked and he was sentenced to three year's imprisonment; (2) a copy of the disposition from Denver General Sessions Court showed that he had been convicted on the weapon charge in 1993 after entering a guilty plea; and (3) a Jefferson County, Colorado, judgment showed that he was convicted of trespass and theft in 2004. It then adopted the calculations in the PSR, with a recommended sentencing range of 77 to 96 months. The court considered the factors under 18 U.S.C. § 3553(a), and imposed a sentence of 77 months' imprisonment, followed by three years' supervised release, and a $100 special-assessment fee.

Counsel for Mr. Centeno-Castellanos filed an *Anders* brief stating the issues that could possibly be raised on appeal and why they have no merit. *See Anders*, 386 U.S. 738. As required by *Anders*, counsel provided his client with a copy of his brief and Mr. Centeno-Castellanos was informed of his right to file a response. Mr. Centeno-Castellanos has filed no response with this court.

Because Mr. Centeno-Castellanos pleaded guilty, counsel could identify only two potential claims on appeal: irregularities in the plea, and sentencing errors. He then explained why these claims would have no merit. After reviewing the record, we agree with counsel.

We DISMISS the appeal and GRANT counsel's motion to withdraw.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge